## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

USAA GENERAL INDEMNITY COMPANY,

      Plaintiff,

      v.

VENKATESH SATTARU,

NITYA SATTARU,

and

JOHN DOE,

      Defendants.

Case No.: 4:26-cv-227

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff USAA General Indemnity Company ("USAA GIC"), by and through its undersigned counsel, and for its Complaint for Declaratory Judgment states as follows:

## NATURE OF THE DISPUTE

1.     This is an action for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

2.     USAA GIC seeks a determination of the parties' rights and obligations in connection with a rental property insurance policy under which its insureds Venkatesh and Nitya Sattaru (the "Sattaru's") have sought coverage for claims asserted against them in the action entitled *Doe v. Sattaru et al.*, Case No. 2411-CC00257 (Mo. Cir. Ct. St. Charles Cnty.) (the "*Doe* Action"). A copy of the Petition with exhibits as filed in the *Doe* Action is attached hereto as **Exhibit A**.

3.       In the *Doe* Action, John Doe alleges he was subjected to "forced labor, peonage, slavery and/or involuntary servitude," and that he was threatened, beaten, falsely imprisoned, and coerced into doing unpaid work and labor over a period of approximately eleven months for the Sattaru's and for businesses that they allegedly controlled.

4.       No coverage under the USAA GIC Rental Policy applies to the *Doe* Action, because the *Doe* Action alleges injuries caused by intentional conduct and not caused by an "occurrence" (*i.e.*, an accident), and because coverage is precluded by exclusions in the USAA GIC Rental Policy for injury that is:  (a) expected or intended by any insured; (b) arising out of or in connection with a "business" conducted from an "insured location" or engaged in by any insured; (c) arising out of or caused by the commission of a criminal act for which intent is a necessary element; (d) arising out of any actual, alleged or threatened physical or mental abuse; (e) arising out of the failure to supervise or negligent supervision of a person that results in any of the events listed in the "abuse" exclusion; or (f) injury to any "insured," defined to include relatives (John Doe is allegedly a cousin of Venkatesh Sattaru) and persons under age 21 who reside in the care of the primary insured or spouse (John Doe was allegedly 20 years old and residing with the Sattaru's at the time of the alleged conduct).

5.       USAA GIC accordingly seeks a declaration that it has no obligation to defend or indemnify Venkatesh Sattaru or Nitya Sattaru in connection with the *Doe* Action.

**PARTIES**

6.      Plaintiff USAA GIC is a Texas citizen with a principal place of business in Texas.  USAA GIC issued rental property insurance Policy No. GIC 03368 28 37 80A (effective April 11, 2023 to April 11, 2024) (the "USAA GIC Rental Policy") to named insured Venkatesh Sattaru for 6 Daniel Drive, O'Fallon, MO (the "Described Location").  A copy of the USAA GIC Rental Policy is attached hereto as **Exhibit B**.

7.      Upon information and belief, Defendant Venkatesh Sattaru is a natural person domiciled in Missouri and a citizen of Missouri.

8.      Upon information and belief, Defendant Nitya Sattaru is a natural person domiciled in Missouri and a citizen of Missouri.

9.      Upon information and belief, Defendant John Doe is a natural person domiciled in Missouri and a citizen of Missouri.

**JURISDICTION AND VENUE**

10.      Upon information and belief, no Defendant is a citizen of the same state as USAA GIC (Texas).

11.      The USAA GIC Rental Policy has a liability limit of $500,000 per occurrence.

12.      Based on the allegations in the *Doe* Action, without admitting the merits thereof, the amount in controversy exceeds $75,000 exclusive of interest and costs.

13.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 exclusive of interest and costs and because complete diversity of citizenship exists between Plaintiff and Defendants.

14.      Upon information and belief, Venkatesh Sattaru is domiciled in St. Charles County, Missouri.

15.        Upon information and belief, Nitya Sattaru is domiciled in St. Charles County, Missouri.

16.        This Court has personal jurisdiction over Defendants because each is a citizen of Missouri.

17.        A substantial part of the alleged actions giving rise to the *Doe* Action occurred within the Eastern District of Missouri.

18.        The USAA GIC Rental Policy was delivered to Venkatesh Sattaru in St. Charles County, Missouri.

19.        Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Defendants are all residents of Missouri and at least one Defendant resides within the Eastern District of Missouri.

20.        Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial amount of the events and occurrences giving rise to this action, including the alleged actions giving rise to the *Doe* Action and the delivery of the USAA GIC Rental Policy, occurred within this District.

21.        There is a real, substantial, and justiciable controversy between the parties concerning coverage for the *Doe* Action under the USAA GIC Rental Policy, and the controversy is ripe for determination.

22.        USAA GIC brings this Complaint for Declaratory Judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, to obtain a declaration of USAA GIC's rights and obligations under the USAA GIC Rental Policy.

## FACTUAL BACKGROUND

A.    **The *Doe* Action**

23.        On March 5, 2024, Defendant John Doe filed a Petition initiating the *Doe* Action.

24.        The *Doe* Action names the Sattaru's, among others, as defendants.

25.        John Doe alleges that Venkatesh Sattaru enticed John Doe to immigrate from India and forced him into "peonage, slavery and/or involuntary servitude," and forced him to perform work for the Sattaru's, companies controlled by the Sattaru's, and other defendants in the *Doe* Action.  *See* **Ex. A** at ¶ 22.

26.        John Doe alleges he resided at "various residences" owned by defendants, including the Sattaru's, between December 16, 2022 and November 28, 2023.  *See* **Ex. A** at ¶ 24.

27.        John Doe alleges Venkatesh Sattaru, among others, forced him to perform unpaid work for the benefit of one or more companies owned or controlled by the Sattaru's, while he was held captive at various residences owned by the defendants.  *See* **Ex. A** at ¶ 24.

28.        John Doe alleges Venkatesh Sattaru repeatedly threatened Doe, physically beat him, confined him at various locations, destroyed his passport, isolated him, and otherwise abused him.  *See* **Ex. A** at ¶ 27.

29.        John Doe alleges he was under the care, custody, and control of Nitya Sattaru, resided with her, and that she was aware of the alleged abuse by Venkatesh Sattaru and others, but failed to report or stop the abuse.  *See* **Ex. A** at ¶ 29.

30.        John Doe asserts causes of action against the Sattaru's for:  Battery and/or Conspiracy to Commit Battery; 18 U.S.C. § 1595 (the Trafficking Victims Protection Act); False Imprisonment; and, as to Nitya Sattaru only, Negligence.  *See* **Ex. A** at ¶¶ 33–52.

31.     In support of these claims, John Doe alleges in part as follows:

a.  "On multiple occasions, Defendant[ ] Venkatesh Sattaru . . . assaulted and actually touched Plaintiff."  *See* **Ex. A** at ¶ 34.

b.  "Defendants Venkatesh Sattaru, [and] Nitya Sattaru . . . had an agreement and/or meeting of the minds regarding one or more of the assaults/batteries of Plaintiff and using said batteries to unlawfully force Plaintiff into forced labor . . . ."  *See* **Ex. A** at ¶ 36.

c.  "[A]ll Defendants knowingly benefited, attempted to benefit, or conspired to benefit[ ] financially or by receiving one or more thing(s) of value from the participation in the trafficking and forced labor of Plaintiff."  *See* **Ex. A** at ¶ 40.

32.     Based on the same alleged actions that gave rise to the *Doe* Action, on February 15, 2024, Venkatesh Sattaru was indicted in the St. Charles County Circuit Court on charges of Trafficking for the Purposes of Slavery/Involuntary Servitude/Peonage or Forced Labor; Contributing to Human Trafficking through Misuse of Documentation; Accessory to Domestic Assault in the First Degree; Armed Criminal Action; Kidnapping in the First Degree; and Felony Abuse through Forced Labor.  Copies of state indictments and statements of probable cause for certain defendants to the *Doe* Action, attached as an exhibit to the *Doe* Petition, are attached hereto as **Exhibit A-1**.

33.     In the statement of probable cause regarding Venkatesh Sattaru's arrest, attached as an exhibit to the *Doe* Action complaint, officer Kelsey Robic of the St. Charles County Policy Department states "VICTIM 1 [Doe] was observed trembling uncontrollably, heavily scarred, swollen and bruises covering all parts of his body, without exception, from his hairline to his feet."  *See* **Ex. A-1**.

34.     Venkatesh Sattaru and Nitya Sattaru were also indicted in the United States District Court for the Eastern District of Missouri on April 10, 2024, in part for alleged crimes arising from the same conduct as is alleged in the *Doe* Action.  *See* Indictment, *United States v. Sattaru, et al.*, No. 4:24-CV-00169 (E.D. Mo. 2024).

**B.     The USAA GIC Rental Policy**

35.     The USAA GIC Rental Policy provides Personal Liability coverage (Coverage L) for "'damages' because of 'bodily injury' . . . arising out of the ownership, maintenance, occupancy or use of the 'insured location' and caused by an 'occurrence'" to which the USAA GIC Rental Policy applies.  *See* **Ex. B**, Coverage L (page 27 of 53).

36.     Personal Liability coverage is subject to a $500,000 limit of liability for each occurrence.  *See* **Ex. B**, Section II – Condition 1, and Declarations (page 33 of 53 and 3 of 53).

37.     The USAA GIC Rental Policy defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same generally harmful conditions, which results, during the policy period, in: a. 'Bodily injury'; or b. 'Property damage'."  *See* **Ex. B**, Definition 14 (page 8 of 53).

38.     The USAA GIC Rental Policy defines "insured location" to mean "a. The 'described location' as listed in the Declarations; b. Any premises used by you in connection with [the 'described location']; or c. Land owned by or rented to any 'insured' on which a one or two family dwelling is being built as a residence for any 'insured'."  *See* **Ex. B**, Definition 11 (page 8 of 53).

39.     The USAA GIC Rental Policy defines "bodily injury" to mean "physical injury, sickness or disease, including required care, loss of services and death that results. 'Bodily injury' does not include mental injuries such as: a. Emotional distress; b. Humiliation; c. Mental anguish; d. Mental distress, or any similar injury unless it arises out of physical injury to the person claiming a mental injury." *See* **Ex. B**, Definition 3 (page 7 of 53).

40.     Personal Liability coverage does not apply to any injury "[w]hich was or should have been reasonably expected or intended by any 'insured'." *See* **Ex. B**, Section II – Exclusion 1.a. (page 28 of 53).

41.     Personal Liability coverage does not apply to any injury "[a]rising out of or in connection with a 'business' conducted from an 'insured location' or engaged in by any 'insured', whether or not the 'business' is owned or operated by an 'insured'." *See* **Ex. B**, Section II – Exclusion 1.b. (page 28 of 53).

42.     Personal Liability coverage does not apply to any injury "[a]rising out of or caused by the commission of, attempting to flee from, or avoiding apprehension for a criminal act for which intent is a necessary element." *See* **Ex. B**, Section II – Exclusion 1.l. (page 30 of 53).

43.     Personal Liability coverage does not apply to any injury "[a]rising out of any actual, alleged or threatened physical or mental abuse." *See* **Ex. B**, Section II – Exclusion 1.p. (page 30 of 53).

44.     Personal Liability coverage does not apply to any injury "[a]rising out of the failure to supervise or the negligent supervision of a person that results in [any actual, alleged or threatened physical or mental abuse]." *See* **Ex. B**, Missouri Special Provisions, Endorsement DP-MO (08-16) Section II – Exclusion 1 (page 41 of 53).

45.    The USAA GIC Rental Policy does not provide Personal Liability coverage for "'[b]odily injury' to you or any 'insured' as defined under Definitions 10.a., b., or c." *See* **Ex. B**, Section II – Exclusion 2.f. (page 31 of 53).

46.    The USAA GIC Rental Policy defines "insured" to mean, in addition to the named insured, "b. Spouse [of the named insured] when a resident of the same household; and c. Residents of your household who are: (1) Your relatives; or (2) Other persons under the age of 21 and in the care of any person named above." *See* **Ex. B**, Definition 10 (page 8 of 53).

## C.    Dispute Concerning USAA GIC's Coverage Obligations

47.    By letters dated June 10, 2025 and August 13, 2025, counsel for Venkatesh Sattaru and Nitya Sattaru tendered the defense of the *Doe* Action to USAA GIC (the "Tender Letters").

48.    In the Tender Letters, counsel stated the *Doe* Action alleged, at least in part, "conduct and activity which took place on this subject property."

49.    In the Tender Letter, counsel requested that USAA GIC "advise and confirm the steps you will be taking to provide the defense and indemnity for your named insureds and others protected by the language of the policy."

50.    By letter dated December 29, 2025, USAA GIC agreed to participate in the defense of Nitya Sattaru in the *Doe* Action under a reservation of rights (the "ROR Letter").

51.    USAA GIC disclaimed coverage for Venkatesh Sattaru on the grounds that Counts I through III of the *Doe* Petition do not allege an "occurrence" within the meaning of the USAA GIC Rental Policy.

52.     The ROR Letter also noted that Count IV (asserted against Nitya Sattaru only) alleges damages arising out of the same actions as Counts I through III, such that "Count IV may not allege a 'bodily injury' arising out of an 'occurrence'," and reserved USAA GIC's right to deny coverage for the allegations asserted in Count IV.

53.     USAA GIC reserved all rights with respect to the application of the terms, conditions, and exclusions in the USAA GIC Rental Policy to the *Doe* Action and reserved its right to supplement or amend its coverage position.

54.     USAA GIC asserts that it has no obligation to defend or indemnify Nitya or Venkatesh Sattaru in connection with the *Doe* Action or any of the conduct alleged in the *Doe* Action.

55.     The Petition in the *Doe* Action frames John Doe's allegations against the Sattaru's and the other defendants in terms of a continuous series of intentional acts.  Venkatesh Sattaru allegedly "recruited, lured, and enticed" John Doe to come to the United States (and Missouri specifically) "for the purposes of forced labor, slavery and/or involuntary servitude," (*See* **Ex. A** ¶¶ 20, 22), held John Doe "captive at various residences and forced Plaintiff to do unpaid work for the benefit of one or more of the Defendant Companies" and the benefit of the individual defendants (*id.* ¶ 24), threatened John Doe with bodily harm and death (*id.* ¶ 25), physically beat, harmed and injured John Doe (*id.* ¶ 27), and fraudulently obtained a credit card in John Doe's name and used it for the benefit of himself and/or other defendants with their knowledge (*id.* ¶ 28).  John Doe further alleges that Nitya Sattaru "was aware of the circumstances regarding Plaintiff, including the allegations in Paragraphs 19-25, resided at the residence(s) in question, and had Plaintiff in her care, custody, and/or control."  *Id.* ¶ 29.

56.     In addition to incorporating the allegations above, each of the counts in the *Doe* Action further elaborates that Venkatesh Sattaru and others unlawfully and unjustifiably "assaulted and actually touched" John Doe as part of and in furtherance of an agreement among all the individual defendants to force John Doe into involuntary servitude and slavery (*see* **Ex. A**, Count I, ¶¶ 33–38); that all defendants "knowingly benefited, attempted to benefit, or conspired to benefit" from the trafficking and forced labor of John Doe (*id.*, Count II, ¶¶ 39–42); that all individual defendants "detained and/or restrained" John Doe against his will as part of the same agreement and in furtherance of that agreement (*id.*, Count III, ¶¶ 43–48); and that Nitya Sattaru "fail[ed] to render aid when she contributed to the placing, and did place, Plaintiff into peril by continuing to expose him" to other individual defendants "whom she knew were beating, harming, and assaulting [John Doe], and when she knew [John Doe] was falsely imprisoned" (*id.*, Count IV, ¶¶ 49–52).

57.     Intentional acts, including acts of physical abuse and use of force, do not constitute a covered "occurrence" for purposes of liability insurance coverage under the USAA GIC Rental Policy.  Similarly, the harms that John Doe allegedly suffered were not accidental — indeed, those harms were alleged to be part of a coordinated plan with the knowledge and participation of all individual defendants to force John Doe into involuntary servitude for their own benefit.

58.     Even if the *Doe* Action alleged a covered "occurrence," which it does not, the alleged injuries are excluded from coverage on the grounds that (a) John Doe's injuries were expected or intended "by any 'insured'"; (b) the injuries arose out of or in connection with a business engaged in by any "insured"; (c) the injuries arose out of the commission of criminal acts for which intent is a necessary element; (d) the injuries arose out of actual, alleged or threatened

physical or mental abuse; (e) the injuries alleged arose out of the failure to supervise or negligent supervision of a person resulting in actual, alleged or threatened physical or mental abuse; (f) the *Doe* Action alleges bodily injury to an "insured," as John Doe was allegedly both a relative of Venkatesh Sattaru and a person under 21 residing with the Sattaru's.

59.     Exclusion 1.a precludes coverage because the *Doe* Action seeks damages for injury which was or should have reasonably been expected or intended by the Sattaru's.

60.     Exclusion 1.b precludes coverage because the *Doe* Action seeks damages for Doe's alleged injuries which arose out of or in connection with one or more businesses conducted from an "insured location" or engaged in by Venkatesh Sattaru and/or Nitya Sattaru.

61.     Exclusion 1.l precludes coverage because the *Doe* Action seeks damages for Doe's alleged injuries which arose out of and were caused by the commission of the Sattaru's' alleged criminal acts.  The criminal acts for which Venkatesh Sattaru was indicted, including trafficking for the purposes of slavery, accessory domestic assault, kidnapping, and abuse through forced labor, are based upon allegations of Venkatesh Sattaru's intent as a necessary element.  *See See* **Ex. A**, Exhibit 1 (including allegations that Venkatesh Sattaru "knowingly destroyed [Doe's] valid or purportedly valid passport," "knowingly caused serious physical injury to [Doe]," and "knowingly provided or obtained the labor or services of [Doe].").

62.     Exclusion 1.p precludes coverage because the *Doe* Action seeks damages for Doe's alleged injuries which arose out of actual, alleged or threatened physical or mental abuse.

63.     Endorsement DP-MO (08-16) precludes coverage to the extent the *Doe* Action seeks damages for Doe's alleged injuries arising out of the failure to supervise, or the negligent supervision of a person that resulted in actual, alleged or threatened physical or mental abuse.

64.     Exclusion 2.f precludes coverage to the extent John Doe was an "insured" under the USAA GIC Rental Policy between December 16, 2022 and November 28, 2023, because (a) John Doe is allegedly a cousin, *i.e.* relative, of Venkatesh Sattaru; and (b) from December 16, 2022 to November 28, 2023, John Doe was allegedly under 21 years of age and was in the care of Venkatesh Sattaru and/or Nitya Sattaru.

65.     Even if the *Doe* Action alleged a covered "occurrence" not subject to the above exclusions, which it does not, there is no coverage for the damages alleged in the *Doe* Action which do not arise "out of the ownership, maintenance, occupancy or use of the 'insured location'."

## COUNT I:  DECLARATORY JUDGMENT

### (No Duty to Defend or Indemnify Venkatesh Sattaru)

66.     USAA GIC incorporates by reference Paragraphs 1 through 65 as though fully set forth herein.

67.     An actual controversy exists between USAA GIC, on the one hand, and Venkatesh Sattaru and/or John Doe on the other hand, regarding USAA GIC's alleged duty to defend and/or indemnify Venkatesh Sattaru in connection with the *Doe* Action.

68.     No coverage under the USAA GIC Rental Policy applies to the *Doe* Action, because the *Doe* Action alleges injuries caused by intentional conduct and not caused by an "occurrence," *i.e.*, an accident.

69.     Coverage for the *Doe* Action is also precluded by exclusions in the USAA GIC Rental Policy for injuries that are:

a.  Expected or intended by any insured;

b.  Arising out of or in connection with a "business" conducted from an "insured location" or engaged in by any "insured;"

     c.   Arising out of or caused by the commission of a criminal act for which intent is a necessary element;

     d.   Arising out of any actual, alleged or threatened physical or mental abuse;

     e.   Arising out of the failure to supervise or negligent supervision of a person that results in any of the events listed in the "abuse" exclusion; or

     f.   Injury to any "insured."

70.     Coverage for the *Doe* Action is further precluded to the extent the injuries alleged in the *Doe* Action did not occur during the policy period or did not arise out of the ownership, maintenance, occupancy, or use of an "insured location," *i.e.* for injuries that took place prior to April 11, 2023, or occurred anywhere other than the "Described Location."

71.     USAA GIC is entitled to a declaration that under the terms, conditions, and exclusions of USAA GIC Rental Policy, it has no duty to defend or indemnify the Sattaru's against the *Doe* Action.

## COUNT II:  DECLARATORY JUDGMENT

### (No Duty to Defend or Indemnify Nitya Sattaru)

72.     USAA GIC incorporates by reference Paragraphs 1 through 71 as though fully set forth herein.

73.     An actual controversy exists between USAA GIC, on the one hand, and Nitya Sattaru and/or John Doe on the other hand, regarding USAA GIC's alleged duty to defend and/or indemnify Nitya Sattaru in connection with the *Doe* Action.

74.     No coverage under the USAA GIC Rental Policy applies to the *Doe* Action, because the *Doe* Action alleges injuries caused by intentional conduct and not caused by an "occurrence," *i.e.*, an accident.

75.     Coverage for the *Doe* Action is also precluded by exclusions in the USAA GIC Rental Policy for injuries that are:

    a.  Expected or intended by any insured;

    b.  Arising out of or in connection with a "business" conducted from an "insured location" or engaged in by any "insured;"

    c.  Arising out of or caused by the commission of a criminal act for which intent is a necessary element;

    d.  Arising out of any actual, alleged or threatened physical or mental abuse;

    e.  Arising out of the failure to supervise or negligent supervision of a person that result in any actual, alleged or threatened physical or mental abuse; or

    f.  Injury to any "insured."

76.     Coverage for the *Doe* Action is further precluded to the extent the injuries alleged in the *Doe* Action did not occur during the policy period or did not arise out of the ownership, maintenance, occupancy, or use of an "insured location," *i.e.* for injuries that took place prior to April 11, 2023, or occurred anywhere other than the "Described Location."

77.     USAA GIC is entitled to a declaration that under the terms, conditions, and exclusions of USAA GIC Rental Policy, it has no duty to defend or indemnify either of the Sattaru's against the *Doe* Action.

**WHEREFORE**, Plaintiff USAA General Indemnity Company respectfully prays for judgment against the Defendants, including declarations that:

A. That USAA GIC has no duty to defend Venkatesh Sattaru or Nitya Sattaru in connection the *Doe* Action or any of the conduct alleged in it, because the *Doe* Action does not allege injuries caused by an "occurrence" as the term is defined in the USAA GIC Rental Policy, and because coverage is precluded by the exclusions set forth in ¶¶ 69 and 75 above;

B. That USAA GIC has no duty to indemnify the Sattaru's in connection with the *Doe* Action or any of the conduct alleged in it, because the *Doe* Action does not allege injuries caused by an "occurrence" as the term is defined in the USAA GIC Rental Policy, because coverage is precluded by the exclusions set forth in ¶¶ 69 and 75 above, and to the extent the *Doe* Action alleges injuries which did not occur during the policy period or arise out of the ownership, maintenance, occupancy, or use of any "insured location;"

C. That USAA GIC is entitled to its costs; and

D. That USAA GIC is entitled to such other relief as this Court may deem just and proper.

*///*

Dated: February 13, 2026,                    Respectfully submitted,

*/s/ Jean-Paul Assouad*
Jean-Paul Assouad                #50747 MO
KUTAK ROCK LLP
2405 Grand Blvd., Suite 600
Kansas City, MO 64108
(816) 960-0090 (Telephone)
(816) 960-0041 (Facsimile)
Jean-Paul.Assouad@kutakrock.com

and

James P. Ruggeri
(*pro hac vice* forthcoming)
Joshua P. Mayer
(*pro hac vice* forthcoming)
RUGGERI PARKS WEINBERG LLP
1875 K Street, Suite 800
Washington, DC 20006-1251
(202) 984-1400 (Telephone)
(202) 984-1401 (Telephone)
jruggeri@ruggerilaw.com
jmayer@ruggerilaw.com

**ATTORNEYS FOR PLAINTIFF USAA
GENERAL INDEMNITY COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2026, a true and correct copy of the above and foregoing **Complaint for Declaratory Judgment** was filed with the Clerk of the United States District Court of Eastern Missouri by using the CM/ECF electronic filing system, which will send notification of such filing to the following counsel of record:

*/s/ Jean-Paul Assouad*
Attorney for Plaintiff USAA
General Indemnity Company